**RICHARD PALMA**
ATTORNEY AT LAW
381 PARK AVENUE SOUTH-SUITE 701
NEW YORK, NEW YORK 10016

| | |
|---|---|
| MEMBER OF THE BAR IN<br>NEW YORK – NEVADA –<br>FLORIDA | TEL. (212) 686-8111<br>FAX (212) 686-8690<br>E-MAIL: rpalma@verizon.net |

April 14, 2009

**By Electronic Filing**

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    *Re:   US v. Jose Reyes-Rodriguez, Dkt. No. S2 04 CR 664 (TPG)*

Dear Judge Griesa:

    Mr. Jose Reyes-Rodriguez is currently scheduled for sentencing before Your Honor on Monday, April 20, 2009 at 4:30 P.M. As the Court is aware, Mr. Reyes-Rodriguez's sentencing hearing has been re-scheduled several times in order to give him another opportunity to meet with the Government to see if he could qualify for 'safety valve' relief under **18 U.S.C. §3553(f)(1)-(5)** and, thereby, avoid a statutory minimum prison sentence of 10-years for the narcotics offense to which he pleaded guilty on August 15, 2007. I am pleased to inform the Court that after a third meeting with A.U.S.A. Loyaan Egal, we have succeeded in persuading the Government that Mr. Reyes-Rodriguez qualifies for "safety valve" relief. Based on the Government's latest concession, Mr. Reyes-Rodriguez now stands not only to avoid this mandatory prison sentence but also, as a result of qualifying for safety valve, his advisory guideline range is lowered to Offense Level 27 in CHC I, which provides for a prison range of 70-87 months.[1] I am submitting this supplemental sentencing memorandum in order to argue for a non-guidelines sentence in accordance with the factors listed in **18 U.S.C. §3553(a)**. Specifically, after considering the nature and circumstances of the offense, and the history and characteristics of Mr. Reyes-Rodriguez, I submit that a reasonable

---

[1] At the sentencing hearing of February 17, 2009, the Government conceded that Mr. Reyes-Rodriguez is entitled to an additional one-level reduction for Acceptance of Responsibility under **USSG §3E1.1(b)** which gives him a 3-level reduction from his offense level of 32. (Tr. p. 7, ln. 19).

RICHARD PALMA
ATTORNEY AT LAW

sentence for him is a prison term of 60-months. See, <u>U.S. v. Booker,</u> 543 U.S. 220 (2005)(sentencing courts are no longer mandated to follow the United States

Page-2
Letter to Hon. Thomas P. Griesa, U.S.D.J.
April 14, 2009

Sentencing Guidelines.  Rather, the guidelines are but one factor of several that a sentencing court is to consider in determining a reasonable sentence under **18 USC § 3553(a)**).

      As stated in my previous letter to the Court of February 12, 2009, Mr. Reyes-Rodriguez pleaded guilty to participating in a heroin distribution conspiracy which began April 2004 and ended 3-months later in July.  His role in this offense included working closely with the lead defendant, Rafael Beato, in the receiving of at least one mule in Bronx County who delivered 300-325 grams of heroin and on two other occasions assisting in the receipt of two other deliveries of heroin from abroad either from Colombia or Venezuela via the Dominican Republic.

### Presentence Report.

      Mr. Reyes-Rodriguez respectfully requests that the Court adopt the following findings of fact and conclusions of law in the PSR:

- that his Offense Level is 32 based on a drug quantity of 1-3 kilograms (PSR ¶ 19);

- that he does not merit a 2-level increase for role (PSR ¶ 20); [2]

- that, accordingly, the Combined Adjusted Offense Level is 32, not 34 (PSR ¶ 24);

- that he merits a 3-level downward adjustment (not 2-levels) for Acceptance of Responsibility (PSR ¶ 25);[3]

- that he merits a 2-level reduction for qualifying for relief under the "safety valve" provision of **USSG §5C1.2**.

---

[2] In the aforementioned proceedings of February 17, 2009, the Government conceded that after interviewing Mr. Reyes-Rodriguez on two occasions that it was satisfied that he does not merit a 2-level enhancement for role. (Tr. p.7, ln. 19)

[3] Id. at 7.

- Accordingly, the Total Offense level should be 27 (PSR ¶ 28).

- that his Criminal History Category is I (PSR ¶ 31).

Page-3
Letter to Hon. Thomas P. Griesa, U.S.D.J.
April 14, 2009

     This calculates Mr. Reyes-Rodriguez's guideline range at Level 27 and CHC I which is a prison range of 70-87 months. However, I respectfully request that Your Honor sentence Mr. Reyes-Rodriguez to a non-guidelines sentence of 60-months incarceration in accordance with the factors of **18 USC §3553(a)**. First of all, considering the history and characteristics of Mr. Reyes-Rodriguez, the record reveals that he is 52 years of age and has no prior criminal history. Second, the nature and circumstances of the offense reveal that the conspiracy lasted no more than 3-months, that he earned during that time, at most, approximately $3,000, and that the total number of heroin deliveries in this conspiracy totaled 3 with a quantity of under 2-kilograms. Finally, because Mr. Reyes-Rodriguez is an illegal alien, he will be deported from the U.S. upon the completion of his prison term for this conviction. He has been incarcerated for this offense for approximately 41-months. As indicated in the PSR, he was arrested by New York State law enforcement on February 6, 2006 and writted into federal custody on March 6, 2006.

## Conclusion

     It is respectfully submitted that in consideration of Mr. Reyes-Rodriguez's personal history and characteristics and his limited time involved in this conspiracy a reasonable sentence for him is a non-guidelines sentence of 60-months on Counts One under Dkt. No. S2 04 Cr. 664.

     Thank you.

                                          Respectfully submitted,

                                          s/ Richard Palma

                                          Richard Palma

ECF Filed.